■ POUGHKEEPSIE PATROLMEN'S BENEVOLENT ASSOCIATION, INC., Respondent, v. CITY OF POUGHKEEPSIE, Appellant.— In an action *inter alia* to declare that plaintiff's members, who are employees of defendant, are entitled to certain overtime pay (the second cause of action), defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County, dated September 7, 1972, as denied a motion by defendant that has been treated as one to dismiss said cause of action for insufficiency. Order reversed insofar as appealed from, on the law, without costs, and motion granted. Defendant's time to answer the complaint, as to the remaining causes of action, is extended until 20 days after entry of the order to be made hereon. In our opinion, plaintiff's members were not entitled to overtime compensation prior to the contract which was effective as of January 1, 1971. Munder, Acting P. J., Shapiro and Brennan, JJ., concur; Martuscello and Christ, JJ., dissent and vote to affirm the order insofar as appealed from.

■ R. D. L. AMUSEMENTS, INC., Appellant, v. WESTCHESTER COUNTY PLAYLAND COMMISSION et al., Respondents.— Order of the Supreme Court, Westchester County, entered June 26, 1973, affirmed insofar as appealed from, without costs. In our opinion, the appeal, as a practical matter, is moot, since the contract in issue expired on September 30, 1973. Accordingly, we do not reach the merits of this appeal. Latham, Shapiro, Gulotta and Benjamin, JJ., concur; Hopkins, Acting P. J., not voting.

■ DIANNE R. ROLLNER, as Administratrix of the Estate of CARY A. ROLLNER, Deceased, Respondent, v. NATHANIEL CANNON et al., Appellants, and NATHAN N. POLAN, Defendant.— In an action to recover damages for wrongful death and conscious pain and suffering, defendants Nathaniel Cannon, Wheels, Inc. and Bienenfeld Industries, Inc. appeal from an order of the Supreme Court, Kings County, dated March 13, 1973, which granted plaintiff's motion for a protective order striking said defendants' demand for inspection of various documents, except that said defendants, in their brief on this appeal, have waived inspection of the income tax returns of plaintiff's decedent. Order modified by striking from the decretal paragraph the words "in all respects" and by adding thereto, immediately after the words that the motion "is granted", the following: "only as to item 1 of said notice and denied as to all the other items." As so modified, order affirmed, with $20 costs and disbursements to appellants. The inspection shall proceed at the place set forth in said notice at a time to be fixed in a new written notice of not less than 10 days, to be given by appellants. Appellants are entitled to discovery of all "evidence material and necessary" to the case under CPLR 3101. Business records and receipts, as they pertain to the issue of future earnings in this action, are "material and necessary" (cf. *Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403). Hopkins, Acting P. J., Latham, Shapiro and Gulotta, JJ., concur; Benjamin, J., dissents and votes to affirm.